UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   EDCV 19-2331-RGK (KS)                                    Date: December 23, 2019

Title   *Ira Robert Ellis v. County of Riverside*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On December 4, 2019, Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint").  (Dkt. No. 1.)  The Complaint asserts claims for deliberate indifference against the Sheriff and County of Riverside as well as the Chief Medical Officer and the Medical Director for the Riverside County Jail.  (*Id.* at 3-4.)  However, the Complaint does not clearly identify a *specific* action taken by any of the named defendants that exhibited deliberate indifference to Plaintiff's serious medical needs.  (*See generally id.*)  Instead, the Complaint refers broadly to the defendants as a group without including factual allegations that support a plausible inference that any defendant personally participated in, or is otherwise liable for, the alleged violation of Plaintiff's rights under the Eighth Amendment.  (*See generally id.*).  As such, the Complaint fails to state a claim upon which relief may granted, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under [Section] 1983 must be based on the personal involvement of the defendant."), *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983, there must be a showing of personal participation in the alleged rights deprivation."), and is subject to dismissal.  *See* 28 U.S.C.A. § 1915A (in civil rights actions brought by prisoners, district courts shall dismiss the complaint if the court determines that the complaint, or any portion therefore, fails to state a claim upon which relief can be granted).

Also on December 4, 2019, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*.  (Dkt. No. 3.)  More than two weeks have now passed and Plaintiff has not responded to the Court's notification.  Accordingly, because Plaintiff has neither paid the filing fee nor obtained authorization to proceed without prepayment

of the fee, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than January 13, 2020, why the action should not be dismissed.**

    To that end, the Clerk is directed to send Plaintiff a copy of the Central District's civil rights complaint form (CV-66) and a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P). **To discharge this Order and proceed with his case, Plaintiff must either:  (1) pay the $400 filing fee in full; or (2) file the completed forms, and the necessary documentation, with the Court on or before the January 13, 2020 deadline.**

    **Plaintiff's failure to timely comply with this Order will result in a recommendation of dismissal of his case.**

    **IT IS SO ORDERED**.

|  |  :  |
|---|---|
|  | **Initials of Preparer**   gr |